UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

CASE NO.: 1:25-cv-01858

AJAY SURESH,

           Plaintiff,

v.

LONG ISLAND UNIVERSITY,

           Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff AJAY SURESH by and through his undersigned counsel, brings this Complaint against Defendant LONG ISLAND UNIVERSITY for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AJAY SURESH ("Suresh") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Suresh's original copyrighted Work of authorship.

2. Suresh is an experienced, self-taught photographer, who has been capturing street and travel photographs for more than five years. He uses Olympus lenses and cameras for his work. He creates photographs with the intention of capturing artistic moments and offering licenses of those photographs to third-parties.

3. Defendant LONG ISLAND UNIVERSITY ("LIU") is a private university founded in 1926 with two campuses in New York, Brooklyn (LIU Brooklyn) and Brookville (LIU Post). LIU has a network of over 285,000 alumni and offers approximately 250 degree

programs. Being a private university, LIU is not required to register with the Secretary of State and has no registered agent. At all times relevant herein, LIU owned and operated the internet website located at the URL http://www.liu.edu (the "Website").

4. Suresh alleges that LIU copied Suresh's copyrighted Work from the internet in order to advertise, market and promote its business activities. LIU committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the LIU's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. LIU is subject to personal jurisdiction in New York.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, LIU engaged in infringement in this district, LIU resides in this district, and LIU is subject to personal jurisdiction in this district.

## DEFENDANT

9. Long Island University is a New York Not for Profit, with its principal place of business at 1 University Plaza, Brooklyn, New York, 11201.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2019, Suresh created the photograph entitled "Columbia University - Butler Library," which is shown below and referred to herein as the "Work".

SRIPLAW

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



11. Suresh registered the Work with the Register of Copyrights on July 29, 2019 as part of a group registration. The Group Registration was assigned registration number VA 2-164-937. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Suresh makes his work available via Flickr and a Creative Commons 2.0 License.

13. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

14. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

15. At all relevant times Suresh was the owner of the copyrighted Work at issue in this case.

---

[1] https://creativecommons.org/licenses/by/2.0/

## INFRINGEMENT BY LIU

16. LIU has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, LIU copied the Work.

18. On or about August 06, 2023, Suresh discovered the unauthorized use of his Work on the Website in an article entitled "Palmer School Student Selected to Study at National Institute" without attribution to Suresh.

19. LIU copied Suresh's copyrighted Work without Suresh's permission.

20. After LIU copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its higher education business.

21. LIU copied and distributed Suresh's copyrighted Work in connection with LIU's business for purposes of advertising and promoting LIU, and in the course and scope of advertising and selling services.

22. LIU committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Suresh never gave LIU permission or authority to copy, distribute or display the Work at issue in this case.

24. Suresh notified LIU of the allegations set forth herein on July 11, 2024, September 19, 2024, and October 17, 2024. To date, the parties have failed to resolve this matter.

25. When LIU copied and displayed the Work at issue in this case, LIU failed to provide attribution as required by the CC 2.0 license.

26. Defendant's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of copyright management information.

27. Suresh never gave LIU permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Suresh owns a valid copyright in the Work at issue in this case.

30. Suresh registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. LIU copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Suresh's authorization in violation of 17 U.S.C. § 501.

32. LIU performed the acts alleged in the course and scope of its business activities.

33. LIU's acts were willful.

34. Suresh has been damaged.

35. The harm caused to Suresh has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY LIU

36. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. Suresh owns a valid copyright in the Work at issue in this case.

38. Suresh registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. LIU copied, displayed and distributed the Work at issue in this case and made derivative of the Work without Suresh's authorization in violation of 17 U.S.C. § 501.

40. LIU had the right and ability to supervise the infringing activities of any third party alleged herein.

41. LIU had a direct financial interest in the infringing activities alleged herein. As a result of LIU's vicarious infringement as alleged above, LIU obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work

42. Suresh has been damaged.

43. The harm caused to Suresh has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

45. The Work at issue in this case requires attribution and contains copyright management information ("CMI").

46. LIU knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

47. LIU committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

48. LIU caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

49. Suresh has been damaged.

50. The harm caused to Suresh has been irreparable.

WHEREFORE, the Plaintiff AJAY SURESH prays for judgment against the Defendant LONG ISLAND UNIVERSITY that:

    a.    LIU and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b.    LIU be required to pay Suresh his actual damages and Defendant's profits attributable to the infringement, or, at Suresh's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c.    Suresh be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Suresh be awarded pre- and post-judgment interest; and

    e.    Suresh be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Suresh hereby demands a trial by jury of all issues so triable.

Dated: April 3, 2025                                Respectfully submitted,

                                                    */s/ Rebecca A. Kornhauser*
                                                   REBECCA A. KORNHAUSER
                                                   Bar Number: 6174387
                                                   rebecca.kornhauser@sriplaw.com
                                                   JORDAN I. ABISROR
                                                   Bar Number: 6139190
                                                   jordan.abisror@sriplaw.com
                                                   JOSEPH A. DUNNE (JD0674)
                                                   Bar Number: NY 4831277
                                                   joseph.dunne@sriplaw.com

                                                   **SRIPLAW, P. A.**

41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Ajay Suresh*